UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK A. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:07-0645 |
| | ) Judge Echols |
| NISSAN NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

Pending before the Court is Plaintiff's Objection to the Magistrate Judge's Order of September 19, 2008 (Docket Entry No. 85), to which Defendant has responded in opposition (Docket Entry No. 92). Also pending is Plaintiff's Objection to the Magistrate Judge's Order of September 17, 2008 (Docket Entry No. 90) which Defendant also opposes (Docket Entry No. 91).

**I. DISCUSSION**

This is an employment discrimination action brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Tennessee Handicap Act ("THA"), T.C.A. § 8-50-103 in which the Court has previously denied cross-Motions for Summary Judgment (Docket Entry Nos. 74 & 75). Plaintiff's claims arose after Wilson County Chancellor C. K. Smith ("Chancellor Smith") entered certain rulings in Plaintiff's worker's compensation case and Defendant then imposed certain restrictions on Plaintiff allegedly as a result of those rulings. At issue in the pending Objections are rulings made by the Magistrate Judge in relation to discovery sought by Plaintiff to

1

which Defendant objected on the grounds of attorney client privilege and the attorney work product doctrine.

**A. STANDARD OF REVIEW**

Where a party objects to a discovery Order issued by the Magistrate Judge, this Court's review is limited. "Rule 72(a) of the Federal Rules of Civil Procedure requires that a district court judge find a magistrate judge's decisions concerning nondispositive matters 'clearly erroneous' before reversing any such decisions." Chesher v. Allen, 122 Fed. Appx. 184, 187 (6th Cir. 2005). Reversal of a non-dispositive order is also appropriate where the Magistrate Judge's ruling is "contrary to law." Baker v. Peterson, 67 Fed. Appx. 308, 310 (6th Cir. 2003). "Contrary to law" is self-explanatory. A ruling is "clearly erroneous" when the reviewing court, after considering the entire matter, is left with the definite and firm conviction that a mistake has been made. See, United States v. Ellis, 497 F.3d 606, 611 (6th Cir. 2007).

**B. MAGISTRATE JUDGE'S ORDER OF SEPTEMBER 17, 2008 (Docket Entry No. 77)**

Ray Coss ("Coss") is an in-house attorney for Nissan who was deposed as Defendant's Rule 30(b)(6) witness on April 11, 2008. During the deposition, Defendant's counsel objected to certain of the propounded questions and instructed Coss not to answer those questions on the grounds of attorney-client privilege and the attorney work product doctrine. Plaintiff then filed a motion to compel Coss to respond to those questions which the Magistrate denied.

Plaintiff objects to the Magistrate Judge's ruling insofar as Coss was not required to testify about the substance of discussions at a July 25, 2006 meeting in which Chancellor Smith's ruling was discussed and whether Coss undertook any research on the ADA in preparing for the meeting.

2

Plaintiff argues the Magistrate Judge incorrectly concluded Coss' primary role at the meeting was that of a legal advisor, instead of decision-maker with respect to the imposition of work restrictions on Plaintiff. Plaintiff also argues Defendant has waived the attorney-client privilege through the assertion it had an "honest belief" its actions were taken in a good faith reliance on Chancellor Smith's ruling. Given the standards governing this Court's review of the Magistrate Judge's Order, the Court rejects Plaintiff's arguments.

Communications between in-house counsel and an employer regarding an employee's work accommodations or restrictions can constitute a legal opinion protected by the attorney-client privilege. See, Rehling v. City of Chicago, 207 F.3d 1009, 1019 (7th Cir. 2000)(advice about an employee's placement and an employer's obligation under the ADA is "exactly the kind of legal advice the privilege was meant to protect"). While Plaintiff conclusorily asserts that the predominate propose of the July 25, 2006 meeting was to decide whether Defendant should impose restrictions on Plaintiff and whether Plaintiff should be allowed to continue working at Nissan (Docket Entry No. 90 at 6), this, perforce, does not mean that Coss' primary role at the meeting was not that of in-house legal counsel. See, Ellis, 497 F.3d at 611 (where there are two permissible views of the evidence, a finding which supports one of those views cannot be clearly erroneous). Further, as in-house counsel, Coss would be expected to conduct research on applicable law, and "attorneys should be free to conduct research and prepare litigation strategies without fear that these preparations will be subject to review by outside parties." In re Grand Jury Subpoenas, 454 F.3d 511, 520 (6th Cir. 2006).

3

Plaintiff also asserts Defendant waived the attorney-client privilege by invoking an "honest belief" or good faith defense. Because this argument was not directly presented to the Magistrate Judge, the Court could reject it out-of-hand. See, Peebles v. Four Winds Int'l., 2008 WL 901550 at *6 (W.D. Va. 2008). However, the Court has reviewed the argument and nevertheless rejects the same.

In support of his position that Defendant has waived the attorney-client privilege by virtue of its honest belief or good faith defense, Plaintiff relies upon cases which indicate that where a party is relying on advice of counsel as a defense, the attorney-client privilege may be waived because it goes directly to knowledge, and considerations of fairness to the adversary may warrant disclosure. See, John Doe Co. v. United States, 350 F.3d 299, 302 (2d Cir. 2003). However, such cases are inapposite because Defendant is not relying on the advice of counsel as its good faith defense. Quite the contrary, Defendant, in its Answer and Affirmative Defenses alleges that it "made good faith efforts based on information other than advice of counsel to comply with the laws prohibiting discrimination on the basis of disability." (Docket Entry No. 5 at 5 ¶ 9).

Moreover, Plaintiff's suggestion that he has been placed at an unfair disadvantage because of Coss' failure to respond to deposition questions is belied by the answers that were in fact given by Coss in his deposition. Coss answered questions about Nissan allegedly acting in a good faith effort to follow Chancellor Smith's restrictions, Coss' determination that Chancellor Smith had imposed restrictions of no lifting, no use of power tools and no use of hand tools, and Coss' belief that it was "unusual" for a court to impose permanent restrictions where the treating doctor had not recommended permanent restrictions. Coss also responded to questions about how he arrived at his

4

interpretation of Chancellor Smith's decision, questions about what documents were distributed at the July 25, 2006 meeting, and the decision which was reached at that meeting. While Coss refused to answer questions about the substance of the discussions at the July 25, 2006 meeting (and the substance of an earlier meeting with another in-house counsel about the results of the worker's compensation trial), and refused to answer questions about what Nissan considered in dropping its appeal of the worker's compensation case, the Court cannot conclude that the Magistrate Judge clearly erred or acted contrary to law when he refused Plaintiff's request to have Coss answer such questions.

**C. MAGISTRATE JUDGE'S ORDER OF SEPTEMBER 19, 2008 (Docket Entry No. 81).**

The September 19, 2008 Order of the Magistrate Judge deals with four e-mail "strings" allegedly discovered by Dr. Anne Kubina ("Dr. Kubina") while cleaning out a briefcase. Dr. Kubina, who was an on-site contract physician at Nissan's Smyrna, Tennessee plant, turned those e-mail "strings" over to defense counsel on the morning of September 18, 2008. Defense counsel promptly provided a redacted copy of the e-mail "strings" to Plaintiff's counsel, and both redacted and unredacted copies to the Magistrate Judge. After a telephone conference, the Magistrate Judge reviewed those e-mails and others to determine whether the redacted portions of the e-mails were protected by the attorney-client privilege. In the September 19, 2008 Order, the Magistrate Judge found that the redactions by Defendant were justified as communications subject to the attorney-client privilege.

Plaintiff asserts two objections to the September 19, 2008 Order. Plaintiff claims that the e-mails should not have been redacted because Defendant allegedly waived the attorney-client

5

privilege and in support of that contention sets forth the same arguments raised with regard to Coss' deposition testimony. For the reasons explained in the preceding section, that argument is rejected.

Plaintiff also argues that the following messages should not have been redacted: (1) e-mail transmittal message dated July 25, 2006 from Miles Tate to Doniela Fiato; (2) e-mail transmittal message dated July 5, 2006 from Miles Tate to Gina Davidson; and (3) e-mail transmittal message dated June 27, 2006 from Miles Tate to Susan Midgett. Miles Tate, Doniela Fiato, and Susan Midgett are all adjusters of ESIS, Nissan's worker's compensation carrier. Since none of the individuals in the e-mails are attorneys and none of the messages were even copied to counsel for Nissan, Plaintiff claims the Magistrate Judge erred in upholding the redactions with respect to those e-mails.

The Court does not find that the Magistrate Judge clearly erred or acted contrary to law in concluding that Defendant was justified in its redaction of those e-mails. At the time the e-mails were sent, Plaintiff's worker's compensation trial had just concluded and Defendant was obviously weighing its legal strategy with respect to a potential appeal of Chancellor Smith's ruling. While none of the authors or recipients of the e-mails were counsel for Nissan, each of the e-mails in question was a forward of an e-mail from Coss who was acting as in-house counsel for Nissan. Each of the e-mails contain the thought processes and work product of Coss, and recommends a course of action based upon counsel's legal opinion. One of the e-mails additionally contains the thought process of outside counsel and opinions about the proper course of action. While ESIS is independent of Nissan, it is its worker's compensation carrier and, as such, had a common interest with Nissan in relation to Plaintiff's worker's compensation case. See, Travelers Cas. & Sur. Co.

v. Excess Ins. Co., 197 F.R.D. 601, 606-07 (S.D. Ohio 2000)(collecting cases)("under the related 'common interest rule,' attorneys or parties facing a common litigation opponent may exchange privileged communications without waiving the privilege"); Gibson v. Richardson, 2003 WL 135054 at * 5 (Tenn. Ct. App. 2003)("participants in a joint defense may communicate among themselves and with their attorneys on matters of common legal interest for the purpose of coordinating their joint legal strategy"). Accordingly, the Court will overrule this objection.

## II. CONCLUSION

On the basis of the foregoing, Plaintiff's Objection to the Magistrate Judge's Order of September 19, 2008 (Docket Entry No. 85) will be denied, as will Plaintiff's Objection to the Magistrate Judge's Order of September 17, 2008 (Docket Entry No. 90). The Magistrate Judge's Order of September 17, 2008 (Docket No. 77) and the Magistrate Judge's Order of September 19, 2008 (Docket Entry No. 81) will be accepted and affirmed.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE